HAYNES AND BOONE, LLP
153 East 53rd Street, Suite 4900
New York, New York 10022
Telephone:  (212) 659-7300
Facsimile:  (212) 918-8989
Jonathan Hook (JH-3812)

and

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone:  (214) 651-5374
Facsimile:  (214) 200-0524
Robert D. Albergotti
David R. McAtee II
A. Michael Warnecke
Ian T. Peck
Frances A. Smith

*Counsel to American LaFrance, LLC*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>AMERICAN LaFRANCE, LLC,<br><br>    Debtor. | Chapter 11<br>Case No. 08-10178-BLS<br><br>(pending in the United States<br>Bankruptcy Court for the District of Delaware) |
| FREIGHTLINER LLC<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN LaFRANCE, LLC,<br><br>    Defendant. | Adversary Proceeding No. _____<br><br>(Civil Action No. 07-604037 pending in the<br>State of New York, County of New York) |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

American LaFrance, LLC ("ALF"), by and through its attorneys Haynes and Boone, LLP, files this Notice of Removal (the "Notice") pursuant to 28 U.S.C. § 1452, and respectfully represents as follows:

### I.    JURISDICTION

1.    This Court has jurisdiction over this Notice pursuant to 28 U.S.C. §§ 1334 and 1452.

2.    Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409 in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

3.    Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S.C. § 1452 provide the legal predicate for the relief sought herein.

### II.    REMOVAL AND BANKRUPTCY RULE 9027 STATEMENT

4.    On December 10, 2007, Freightliner LLC ("Freightliner"),[1] a division of Daimler Chrysler, commenced a cause of action against ALF in the New York Supreme Court (the "New York Lawsuit") based on amounts purportedly owed by ALF to Freightliner pursuant to a transition services agreement. The New York Lawsuit is styled *Freightliner LLC v. American LaFrance, LLC*, Index No. 07-604037, and is pending in the Supreme Court of the State of New York, County of New York (the "State Court"). ALF has not answered in the New York Lawsuit and no discovery has been conducted. By this Notice, ALF hereby removes the New York Lawsuit to the United States District Court for the Southern District of New York (the "Court").

---

[1] Freightliner LLC is now Daimler Trucks North America LLC. For purposes of this Notice, the term "Freightliner" will be used to reference both Daimler Trucks North America LLC and Freightliner LLC without distinction.

5.    Pursuant to Bankruptcy Rule 9027(a), ALF states that, upon removal of the New York Lawsuit, the New York Lawsuit is a core proceeding.

## III.    BACKGROUND

### A.    Nature of the Action

6.    American LaFrance has been a leading manufacturer of custom fire fighting, fire rescue, and emergency vehicles and related products for well over a hundred years.  Freightliner owned and operated the American LaFrance business from 1995 through December 14, 2005, when it sold all of the American LaFrance assets to ALF.  To effectuate the sale, ALF and Freightliner entered into a certain: (1) Asset Purchase and Sale Agreement dated December 14, 2005 (the "APA"); and (2) Transition Services Agreement dated December 14, 2005 (the "TSA").

### B.    Proceedings in the Delaware Bankruptcy Court

7.    On January 28, 2008 (the "Petition Date"), ALF filed a voluntary petition for relief (the "ALF Bankruptcy Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Case No. 08-10178, in the Delaware Bankruptcy Court.    The commencement of the ALF Bankruptcy Case stayed the New York Lawsuit pursuant to section 362 of the Bankruptcy Code.

8.    On February 4, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the ALF Bankruptcy Case.  Freightliner chaired the Committee.

9.    On March 24, 2008, ALF filed its Fourth Amended Disclosure Statement (the "Disclosure Statement") and its Third Amended Plan of Reorganization (the "Plan") with the consent and approval of the Committee.

10. On or about March 26, 2008, Freightliner filed an unsecured proof of claim in the ALF Bankruptcy Case in the amount of $12,013,728.27, plus interest and attorneys' fees (the "Proof of Claim"). The Proof of Claim is based on the same claims Freightliner asserts in the New York Lawsuit.

11. On April 14, 2008, ALF filed its Motion for an Order Authorizing Assumption of Executory Contracts Pursuant to 11 U.S.C. § 365(a), Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Third Amended Plan of Reorganization (the "Motion to Assume"), identifying the APA as a contract to be assumed by ALF. On April 18, 2008, Freightliner filed a limited objection to the Motion to Assume as it pertained to the APA.

12. On May 21, 2008, Freightliner and ALF entered into a stipulation (the "Stipulation") agreeing that all issues relating to the assumption of the APA and the termination of the TSA (the "Assumption Issues") would be reserved and addressed in connection with the parties' resolution of the claims arising out of the APA and TSA, which are currently pending in the Delaware Bankruptcy Court.

13. On May 23, 2008, the Delaware Bankruptcy Court confirmed ALF's Plan.

14. On June 19, 2008, ALF filed its Objection and Counterclaims in the Delaware Bankruptcy Court, objecting to the Proof of Claim and asserting counterclaims against Freightliner including, avoidance of preferential and fraudulent transfers, disallowance of claims, breach of the APA and TSA, as well as several other causes of action ("ALF's Objection and Counterclaims").

## IV.  THIS COURT HAS BANKRUPTCY JURISDICTION

15. ALF may remove the New York Lawsuit to this Court pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Bankruptcy Rules. Section 1452 states that "a party may remove any claim

or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452. Section 1334 provides in pertinent part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[2]

16.    The District Court in the Southern District of New York has jurisdiction over the New York Lawsuit as a "core proceeding" "arising under" or "arising in" the ALF Bankruptcy Case.[3]

17.    The New York Lawsuit, the Proof of Claim, and ALF's Objection and Counterclaims constitute core proceedings over which the bankruptcy court has subject matter jurisdiction.[4]

18.    This Notice is timely filed pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.[5]

19.    Concurrently with filing this Notice, ALF has served a copy of this Notice on Freightliner and filed a copy of this Notice with the Clerk of the State Court.

---

[2] "[A]pplication for removal may be made in the bankruptcy court because the reference to 'district court' in 28 U.S.C. § 1452(a) encompasses the bankruptcy courts. This is grounded in the bankruptcy courts' status as units of the district courts, 28 U.S.C. § 151, the presence of the term 'clerk' in Fed. R. Bankr. P. 9027, which is defined as 'bankruptcy clerk, if one has been appointed, otherwise clerk of the district court' in Fed. R. Bankr. P. 9001(3) and the general order of reference which all judicial districts in the United States have entered, as authorized by 28 U.S.C. 157(a) and recognized by Fed. R. Bankr. 9027." *In re Application of Buran*, 351 B.R. 300, 305 n.6 (W.D.N.Y. 2006).

[3] Bankruptcy courts "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 158(b)(1). Core proceedings include, but are not limited to –

| | |
|---|---|
| (A) | matters concerning the administration of the estate; |
| (B) | allowance or disallowance of claims against the estate . . . and estimation of claims or interests for the purpose of confirming a plan under chapter 11 . . . ; |
| (C) | counterclaims by the estate against persons filing claims against the estate; |

28 U.S.C. § 157(b)(2).

[4] Both allowance and disallowance of claims, and counterclaims by the estate against persons filing claims against the estate are core proceedings. 28 U.S.C. § 157(b)(2)(B)-(C).

[5] Rule 9027(a)(2)(B) requires that "a notice of removal may be filed...30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code...." Fed. R. Bankr. P. 9027(a)(2)(B).

20.    Pursuant to 28 U.S.C. § 1452 and Rule 9027, this Notice is accompanied by an Appendix containing copies of all the pleadings and process that were filed in the above-styled and numbered action prior to its removal from the State Court.

21.    The filing of the ALF Objections and Counterclaims initiated an adversary proceeding in the Delaware Bankruptcy Court. Given this pending adversary proceeding, ALF requests that the Court abate this proceeding after its removal from State Court until the matters related to adversary proceeding (including ALF's Objections and Counterclaims, the Motion to Assume and the Proof of Claim) are resolved.

**WHEREFORE**, ALF gives notice that, pursuant to 28 U.S.C. § 1452, the New York Lawsuit is hereby removed to this Court from the State Court.

Dated:  New York, New York
        June 20, 2008.

Respectfully Submitted,

Jonathan Hook (JH-3812)
HAYNES AND BOONE, LLP
153 East 53rd Street, Suite 4900
New York, NY 10022
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

and

Robert D. Albergotti
David McAtee
A. Michael Warnecke
Ian T. Peck
Frances A. Smith
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: (214) 651-5374
Facsimile: (214) 200-0524

*Counsel to American LaFrance, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of June, 2008, a true and correct copy of the foregoing document was served (i) via United States first class mail, postage prepaid, upon the parties listed below; and (ii) via e-mail upon the parties who receive electronic notice in this case pursuant to the Court's ECF filing system.

Jonathan Hook

Daimler Trucks North America LLC
f/k/a Freightliner LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Eric Seiler
Lance J. Gotko
Mala Ahuja Harker
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019

Hillary Richard
Mary Ann Sung
Brune & Richard LLP
80 Broad Street
New York, NY 10004

Christopher A. Ward
Polsinelli Shalton Flanigan Suelthaus PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

HAYNES AND BOONE, LLP
153 East 53rd Street, Suite 4900
New York, New York 10022
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Jonathan Hook (JH-3812)

and

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: (214) 651-5374
Facsimile: (214) 200-0524
Robert D. Albergotti
David R. McAtee II
A. Michael Warnecke
Ian T. Peck
Frances A. Smith

*Counsel to American LaFrance, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>AMERICAN LaFRANCE, LLC,<br><br>　　　Debtor. | Chapter 11<br>Case No. 08-10178-BLS<br><br>(pending in the United States<br>Bankruptcy Court for the District of Delaware) |
| FREIGHTLINER LLC<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>AMERICAN LaFRANCE, LLC,<br><br>　　　Defendant. | Adversary Proceeding No. _____<br><br>(Civil Action No. 07-604037 pending in the<br>State of New York, County of New York) |

## APPENDIX TO NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

American LaFrance, LLC ("ALF") submits this Appendix to the Notice of Removal filed contemporaneously herewith, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. This Appendix contains copies of all the pleadings and process that were filed in the above-styled and numbered action prior to its removal from the Supreme Court of the State of New York, County of New York.

| TAB | Date Filed | DOCUMENT |
|-----|-----------|----------|
| A | | Docket Sheet |
| B | 12/10/07 | Summons and Complaint |
| C | 12/18/07 | Affidavit of Service |
| D | 01/09/08 | Stipulation |
| E | 02/11/08 | Suggestion of Bankruptcy |

Dated: June 20, 2008.

Respectfully Submitted,

HAYNES AND BOONE, LLP
153 East 53rd Street, Suite 4900
New York, New York 10022
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Jonathan Hook (JH-3812)

and

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: (214) 651-5374
Facsimile: (214) 200-0524
Robert D. Albergotti
David R. McAtee II
A. Michael Warnecke
Ian T. Peck
Frances A. Smith

*Counsel to American LaFrance, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of June 2008, a true and correct copy of the foregoing document was served (i) via United States first class mail, postage prepaid, upon the parties listed below; and (ii) via e-mail upon the parties who receive electronic notice in this case pursuant to the Court's ECF filing system.

_____
Jonathan Hook

Daimler Trucks North America LLC
f/k/a Freightliner LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Eric Seiler
Lance J. Gotko
Mala Ahuja Harker
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019

Hillary Richard
Mary Ann Sung
Brune & Richard LLP
80 Broad Street
New York, NY 10004

Christopher A. Ward
Polsinelli Shalton Flanigan Suelthaus PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

# EXHIBIT "A"

THIS INDEX NUMBER COULD NOT BE FOUN
THE CCIS DATABASE. THIS INDEX NUMBER
HAVE BEEN ASSIGNED BY THE COUNTY CL
HOWEVER, AS OF TODAY NO RJI HAS E
FILED.    CHECK    THE    "COUNTY    CL
INFORMATION"   SECTION   BELOW   FOR
AVAILABLE INFORMATION.

Home / SCROLL / COUNTY CLERK MINUTES

| DATE | DOCUMENT TYPE |
|------|---------------|
| 12-10-2007 | SUMMONS AND COMPLAINT |
| 12-18-2007 | AFFIDAVIT OF SERVICE |
| 01-09-2008 | STIPULATION |
| 02-11-2008 | NOTICE |

BACK    NEW SE

**COUNTY CLERK MINUTES:** The minutes of the County Clerk in chronological order reflecting all documents filed with the County Clerk. Motion papers are filed with the order therein and are not separately identified.



60 Centre Street, New York NY 10007

Copyright © 2006 Unified Court System

# EXHIBIT "B"

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X

FREIGHTLINER LLC,                              :    Index No.
                                               :
                          Plaintiff,           :    Date Filed:
                                               :    December 10, 2007
          – against –                          :
                                               :    **SUMMONS**
AMERICAN LAFRANCE, LLC,                         :
                                               :    The basis of
                          Defendant.            :    venue is defendant's
                                               :    contractual consent.
----------------------------------------------------------------X

TO DEFENDANT:

           0 7 6 0 4 0 3 7

           AMERICAN LAFRANCE, LLC
           1090 Newton Way
           Summerville, SC 29483-7430

         YOU ARE HEREBY SUMMONED to answer the complaint in this action

and to serve a copy of your answer or, if the complaint is not served with this summons,

to serve a notice of appearance, on plaintiff's attorney within 20 days after the service of

this summons, exclusive of the day of service (or within 30 days after the service is

complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against

you by default for the relief demanded in the complaint.



FILED

DEC 10 2007

NEW YORK
COUNTY CLERK'S OFFICE

554894.1

Dated: New York, New York
December 10, 2007

FRIEDMAN KAPLAN
SEILER & ADELMAN LLP

By: _____
Eric Seiler
Lance J. Gotko
Mala Ahuja Harker
1633 Broadway
New York, NY 10019
(212) 833-1100

*Attorneys for Plaintiff Freightliner LLC*

554894.1                                2

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
FREIGHTLINER LLC,                                   :      Index No.
                                                    :
                              Plaintiff,            :
                                                    :      **COMPLAINT**
                                                    :
          – against –                               :
                                                    :                    07604037
AMERICAN LAFRANCE, LLC,                             :
                                                    :
                              Defendant.            :
-----------------------------------------------------------X

**FILED**
DEC 10 2007
NEW YORK
COUNTY CLERKS OFFICE

Plaintiff Freightliner LLC ("Freightliner"), by its undersigned attorneys,

for its Complaint against defendant American LaFrance, LLC ("New ALF"), alleges as

follows:

**INTRODUCTION**

1.      This is a straightforward breach of contract action by Freightliner

to recover amounts owed by New ALF for services Freightliner performed to assist New

ALF in running its business operations after it acquired the assets of Freightliner's fire

apparatus and emergency vehicles business, American LaFrance, from Freightliner's

subsidiary, American LaFrance Corporation ("Old ALF"), in December 2005.

2.      By this action, Freightliner seeks compensatory damages, of no

less than $10,000,000 plus applicable interest, caused by New ALF's breach of its clear,

contractual obligations.

506150.5

**THE PARTIES**

3.     Plaintiff Freightliner is a Delaware limited liability company, with its principal place of business at 4747 North Channel Avenue, P.O. Box 3849, Portland, Oregon 97217.

4.     Defendant New ALF is a Delaware limited liability company, with its principal place of business in North Charleston, South Carolina. New ALF is controlled by Patriarch Partners, LLC, a Delaware limited liability company with its principal places of business in North Carolina and New York.

**JURISDICTION AND VENUE**

5.     The Court has jurisdiction over New ALF pursuant to Section 12.11 of the Asset Purchase Agreement (as defined below), which by its terms is governed by New York law, wherein New ALF consented and submitted to the jurisdiction of the courts of the State of New York and waived any defenses based on lack of personal jurisdiction. This Court also has jurisdiction over New ALF pursuant to CPLR § 302(a)(1) because New ALF transacts business within the State of New York.

6.     Venue for this action is proper in this county pursuant to CPLR § 501 because New ALF consented to venue in any court in the State of New York and waived any defenses based on venue or inconvenience of this forum in Section 12.11 of the Asset Purchase Agreement.

**FACTUAL ALLEGATIONS**

A.     **New ALF Acquires the Assets of Old ALF**

7.     American LaFrance has been one of the leading manufacturers of fire and emergency services vehicles in North America, with a history dating to the

506150.5                                2

1870s. American LaFrance produces and distributes a full line of fire and emergency apparatus including chassis, aerials, ambulances, pumper fire engines, rescue vehicles and tankers.

8.    Freightliner owned Old ALF from 1995 through 2005, when it divested itself of the fire and emergency vehicles manufacturing subsidiary.

9.    Pursuant to an Asset Purchase and Sale Agreement dated December 14, 2005 ("Asset Purchase Agreement"), New ALF, an entity formed by New York investment firm Patriarch Partners LLC, acquired substantially all of the assets of Old ALF.

**B.    Freightliner Agrees to Perform Transitional Services to Allow New ALF to Ease Into its New Role**

10.    Because neither Patriarch nor New ALF had experience in fire and emergency vehicles manufacturing operations, or any experience in the commercial vehicle manufacturing industry, Freightliner agreed to perform certain "transition services," to help bridge the change in ownership while keeping the business operational.

11.    Freightliner and New ALF entered into a Transition Services Agreement, dated December 14, 2005 ("Transition Services Agreement"), which set forth a vast array of services Freightliner would perform for New ALF following the sale. The details and scope of the services the parties agreed Freightliner would perform were set forth in the schedules to the Transition Services Agreement.

12.    For varying periods following the sale as set forth in the Transition Services Agreement, the parties agreed that Freightliner would support the transition of

506150.5                                3

the business in various areas in order to enable New ALF to work toward running its operations independently.

13.     The parties agreed that Freightliner would assist New ALF in maintaining its financial system, provide accounts payable services, as well as provide information technology (IT) support for New ALF's operations.

14.     Freightliner further contracted to provide aftermarket parts and services to New ALF for twelve months following the sale. Freightliner committed to continue to procure, stock and sell aftermarket parts for certain truck lines, including the Condor and custom cab/chassis Eagle and Metro models. Freightliner agreed to provide New ALF the net profits related to the sales to the extent they related solely to New ALF, less a handling fee.

15.     Freightliner also committed to provide certain supply chain services for a period of two years. In particular, the parties agreed that Freightliner would procure key components of the Eagle, Metro and Condor custom cab/chassis truck lines as well as provide Acterra and M2 commercial cab/chassis for New ALF's fire and rescue truck manufacturing operation.

16.     In addition to supplying key parts, Freightliner was to perform key services related to New ALF's supply chain. Freightliner agreed to handle all vendor charge backs and debit memos, provide support to New ALF in dealing with metal suppliers, and provide inbound logistics services such as freight bill audit and payment and supplier routing instructions.

17.     The parties also agreed that Freightliner would assist New ALF in ensuring that its products and manufacturing operations complied with applicable

506150.5                                                    4

governmental regulations, including the Motor Vehicle Safety Act, 49 U.S.C. § 30101 *et seq.* and customs requirements.

18.    Following the sale, New ALF was to provide warranty services for Old ALF legacy vehicles as well as for vehicles manufactured or sold by New ALF. Under the terms of the Transition Services Agreement, Freightliner was to administer associated warranty claims in its system until New ALF was able to establish its own warranty system. In addition, Freightliner was to bear the warranty costs of Old ALF legacy vehicles.

19.    By the terms of the Transition Services Agreement, Freightliner invoiced New ALF monthly for Service Costs related to the transition services it provided. Freightliner provided New ALF billing data "in reasonably sufficient detail to allow New ALF to ascertain the Services provided and the billing for the same," as required by Section 4.2(a) of the Transition Services Agreement.

20.    New ALF retained the right to dispute any Services Costs invoiced that it "reasonably believes to be incorrect or inconsistent" with the parties' agreement, but does not have the right to withhold payment of any amount that is "either not related to a disputed charge or that constitutes any undisputed portion of a specific charge."

21.    New ALF agreed to pay Freightliner for all Service Costs within 30 days of the invoice date, unless the parties agreed to extend the terms of payment. The Transition Service Agreement provided that Service Costs not paid within thirty days would accrue interest at the rate of eighteen percent.

22.    Freightliner and New ALF agreed that any disputes regarding Service Costs billed under the Transition Services Agreement would be referred to a

506150.5                                     5

Committee composed of representatives of both companies, before either party could pursue legal action against the other. If the Committee was unable to resolve the parties' dispute within thirty days, the aggrieved party was free to pursue other remedies to enforce its rights.

23.     The Transition Services Agreement provided an exception to the requirement that all such disputes be referred to the Committee in the event that the parties had recurring issues. Freightliner and New ALF agreed that "neither Party shall be required to refer any such dispute to the Committee" if it had referred two such other disputes within the preceding year.

24.     Since December 2005, Freightliner has faithfully performed its contractual obligations to New ALF. Freightliner has billed New ALF for the transition services provided according to the terms set forth in the parties' agreement.

25.     Notwithstanding its clear contractual obligation to pay Freightliner for all of the services performed pursuant to the Transition Services Agreement, New ALF has refused to do so.

26.     Despite the fact that New ALF had defaulted numerous times in the previous twelve months, thus allowing Freightliner to immediately terminate the Transition Services Agreement and seek its remedies, Freightliner allowed the Service Costs disputes to be referred to the Committee established by Section12.1 of the Transition Services Agreement as of August 9, 2007. The Committee was unable to resolve the parties' disputes within the 30 day period provided by the Transition Services Agreement.

506150.5                    6

27.    In an effort to render this litigation unnecessary, Freightliner shared with New ALF a draft of this Complaint before filing it. Thereafter, Freightliner was told by Lynn Tilton, New ALF's Manager, that the relationship between New ALF and Freightliner had been mishandled by New ALF's management, that she was installing a new management team at New ALF, and that Freightliners bills would be paid. Notwithstanding Ms. Tilton's assurances, Freightliner's bills remain unpaid.

### CAUSE OF ACTION
#### Breach of Contract

28.    Freightliner repeats and realleges the allegations in paragraphs 1 through 27 as if fully set forth herein.

29.    The Transition Services Agreement between Freightliner and New ALF is a binding and enforceable contract.

30.    Freightliner performed transition services for New ALF pursuant to the terms of the Transition Services Agreement, and the schedules thereto.

31.    Freightliner billed New ALF for the Service Costs as required by the terms of their agreement, and New ALF has failed to pay the full amount of those Service Costs, as it is contractually obligated to do.

32.    In light of the above, New ALF's failure to pay for Service Costs rendered has resulted in damages to Freightliner, for which it hereby seeks recovery.

Supreme Court Records OnLine Library - page 9 of 10

**WHEREFORE**, plaintiff Freightliner demands judgment against defendant New ALF as follows:

        (a)    for compensatory damages in an amount to be determined at trial, but believed to be not less than $10,000,000, plus interest in accordance with Section 4.2(c) of the Transition Services Agreement and applicable law;

        (b)    for costs and attorneys' fees as provided in Section 14.14 of the Transition Services Agreement; and

        (c)    for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 10, 2007

                           FRIEDMAN KAPLAN
                             SEILER & ADELMAN LLP

                         By: _____
                              Eric Seiler
                              Lance J. Gotko
                              Mala Ahuja Harker
                              1633 Broadway
                              New York, NY 10019
                              (212) 833-1100

                         *Attorneys for Plaintiff Freightliner LLC*

506150.5

8

# EXHIBIT "C"

JUN-17-2008 TUE 12:51 PM                    FAX NO.                              P. 03

Supreme Court of the State of New York
County of New York                                                    **ORIGINAL**

Freightliner, LLC,
                                                          AFFIDAVIT OF SERVICE
                                    Plaintiff(s)              Index No. 07-604037
                                                             Date Filed 12-10-2007
                    -against-

American LaFrance, LLC,                                   **FILED**
                                    Defendant(s)          DEC 1 8 2007
                                                         COUNTY CLERK'S OFFICE
                                                              NEW YORK
State of New York )
                  ss:
County of Albany )

Mary M. Bonville, being duly sworn, deposes and says:

Deponent is over the age of eighteen and is a resident of New York State and is not a party to this action. That
on December 11, 2007 at approximately 1:10 PM deponent served the following specific papers pursuant to
Section 303 of the Limited Liability Company Law, Summons (endorsed with the Index Number and date of
filing) and Complaint, that the party served was American LaFrance, LLC, a foreign limited liability company,
the defendant in this action, by personally serving two copies of the aforesaid papers at the office of the NYS
Secretary of State located at 41 State Street, in the City of Albany, New York by delivering to and leaving papers
with Carol Vogt, a white female with brown hair, being approximately 46-55 years of age; height of 5'0" - 5'3",
weight of 100-130 lbs., being an authorized person in the Corporation Division of the Department of State and
empowered to receive such service. That at the time of making such service, deponent paid the fee prescribed by
Law in the amount of $40.00.

                                                          _____
                                                                  Mary M. Bonville

Sworn to before me this 11th day of December, 2007

_____
Ruth A. Dennehey
Notary Public — State of New York
Qualified in Albany County
Registration No. 01DE4729775
Commission Expires: 11-30-2010

State of New York - Department of State
Receipt for Service

Receipt #: 200712120441                     Cash #: 200712120400
Date of Service:  12/11/2007              Fee Paid: $40 - DRAWDOWN
Service Company:  08 COLBY ATTORNEYS SERVICE COMPANY - 08

Service was directed to be made pursuant to:  SECTION 303 OF THE LIMITED
    LIABILITY COMPANY LAW

Party Served:  AMERICAN LAFRANCE, LLC


Plaintiff/Petitioner:
        FREIGHTLINER LLC



Service of Process Address:
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY,  NY 12207-2543

                                        Secretary of State
                                          By  CAROL VOGT

# EXHIBIT "D"

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FREIGHTLINER LLC,                    )
                                     )        Index No. 604037/07
            Plaintiff,               )
                                     )        STIPULATION
                                     )
    - against -                      )
                                     )
                                     )
AMERICAN LAFRANCE, LLC,              )
                                     )
            Defendant.               )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*FILED*

*JAN 0 9 2008*

*NEW YORK COUNTY CLERK'S OFFICE*

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned

counsel on behalf of defendant American LaFrance, LLC, on the one hand, and plaintiff

Freightliner LLC, on the other hand, that American LaFrance, LLC's time to move,

answer, or otherwise respond to the Complaint in the above-captioned matter has been

extended to February 11, 2008.

    For the purpose of this Stipulation only, facsimile signatures shall be treated as

originals.

Dated: New York, New York
       January 7, 2008

FRIEDMAN KAPLAN SEILER &amp;
ADELMAN LLP

By: _____
      Eric Seiler
      Lance J. Gotko
      Mala Ahuja Harker
1633 Broadway
New York, NY 10019
(212) 833-1100

*Attorneys for Freightliner LLC*

BRUNE &amp; RICHARD LLP

By: _____
      Hillary Richard
      MaryAnn Sung
80 Broad Street
New York, New York 10004
(212) 668-1900

*Attorneys for American LaFrance, LLC*

# EXHIBIT "E"

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------x
FREIGHTLINER LLC,                              )
                                               )        Index No. 604037/07
        Plaintiff,                             )
                                               )        **SUGGESTION OF**
                                               )        **BANKRUPTCY**
    - against -                                )
                                               )
                                               )
AMERICAN LAFRANCE, LLC,                        )
                                               )
        Defendant.                             )
------------------------------------------------x

**FILED**
FEB 11 2008
COUNTY CLERK'S OFFICE
NEW YORK

**TO THE HONORABLE CLERK OF THE COURT:**

        Defendant American LaFrance, LLC ("ALF"), is currently the subject of a case

filed January 28, 2008, under Chapter 11 of the United States Bankruptcy Code, styled *In*

*re American LaFrance, LLC*, Case No. 08-10178-BLS, pending in the United States

Bankruptcy Court for the District of Delaware.  Proceedings in the above-captioned case

as related to ALF are consequently stayed pursuant to Section 362 of the United States

Bankruptcy Code (11 U.S.C. § 362).  All questions concerning the Chapter 11 case

should be referred to ALF through its bankruptcy counsel:

                Ian T. Peck
                Haynes and Boone, LLP
                901 Main Street, Suite 3100
                Dallas, Texas 75202
                Telephone: 214.651.5000
                Facsimile: 214.651.5940
                E-Mail: ian.peck@haynesboone.com

                Christopher A. Ward
                Klehr, Harrison, Branzburg & Ellers LLP
                919 Market Street, Suite 1000
                Wilmington, Delaware 19801
                Telephone: 302.426.1189

JUN-17-2008 TUE 12:51 PM                    FAX NO.                        P. 07

Facsimile: 302.426.9193
E-Mail: cward@klehr.com

Dated: New York, New York
        February 11, 2008

                                    BRUNE & RICHARD LLP

                                    By: _____
                                        Hillary Richard
                                        MaryAng Sung
                                        80 Broad Street
                                        New York, New York 10004
                                        (212) 668-1900

                                    *Attorneys for American LaFrance, LLC*

2

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------x

FREIGHTLINER LLC,                          )
                                           )        Index No. 604037/07
            Plaintiff,                     )
                                           )        **AFFIDAVIT OF SERVICE**
                                           )
        - against -                        )
                                           )
                                           )
AMERICAN LAFRANCE, LLC,                    )
                                           )
            Defendant.                     )
-----------------------------------------------x

            STATE OF NEW YORK      )
                                   :    ss.
            COUNTY OF NEW YORK     )

        Paul Fraioli, being duly sworn, deposes and says:

        1.      deponent is employed by Brune & Richard LLP, is not a party to

this action, is over eighteen years of age, and resides in Brooklyn, New York; and

        2.      that on the 11th day of February 2008, deponent served the

foregoing Suggestion of Bankruptcy upon:

                        Eric Seiler
                        Lance J. Gotko
                        Mala Ahuja Harker
                        Friedman Kaplan Seiler & Adelman LLP
                        1633 Broadway
                        New York, New York 10019

                        *Attorneys for Plaintiff Freightliner LLC*

by facsimile transmission and by depositing a true and correct copy of the same in a

properly addressed envelope in an official depository under the exclusive care and

custody of the United States Postal Service within the State of New York.

Paul Fraioli

Sworn to before me this
11th day of February 2008

Notary Public

CLAIRE COLEMAN
NOTARY PUBLIC, STATE OF NEW YORK
No. 02CO6176457
Qualified in Kings County
Commission Expires Oct. 29th, 2011

2



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Plaintiff**

-v-

**Defendant**

Case No.

**Rule 7.1 Statement**

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for _American LaFrance, LLC_ (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

N/A

Date: 6/20/08

Signature of Attorney

Attorney Bar Code: (JH - 3812)

Form Rule7_1.pdf