UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :
AMERICAN LAFRANCE, LLC,                                     :       Chapter 11
                                                            :       Case No. 08-10178
                      Debtor.                     :       (Bankr. D. Del.)
                                                            :
-------------------------------------------------------- x  :
                                                            :
FREIGHTLINER LLC,                                           :
                                                            :
                                                            :
                      Plaintiff,                   :       Case No. 08-cv-05625 (BSJ)
                                                            :       (DFE)
   - against -                                              :
                                                            :
AMERICAN LAFRANCE, LLC,                                     :
                                                            :
                      Defendant.                  :
                                                            :
------------------------------------------------------------x

**FREIGHTLINER LLC's STATEMENT, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(e)(3), IN RESPONSE TO NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

        Freightliner LLC ("Freightliner")[1], by and through its attorneys, Friedman Kaplan Seiler & Adelman LLP, files this response, pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) ("Rule 9027(e)(3)"), to the Notice of Removal filed by American LaFrance, LLC ("ALF"), and respectfully represents as follows:

---

[1] Freightliner LLC is now known as Daimler Trucks North America LLC.

625243.1

**The New York Action**

1. On December 10, 2007, Freightliner filed suit against ALF in New York Supreme Court, New York County (*Freightliner LLC v. American LaFrance, LLC*, Index No. 07-604037) to recover money owed under a Transition Services Agreement between the parties (the "New York Action")[2].

2. The New York Action was stayed pursuant to section 362 of the Bankruptcy Code upon the commencement of ALF's chapter 11 case, filed in Delaware (the "Delaware Bankruptcy," described below).

**The Delaware Bankruptcy**

3. ALF commenced the Delaware Bankruptcy on January 28, 2008 (Case No. 08-10178).

4. On March 24, 2008, ALF filed its Fourth Amended Disclosure Statement (the "Disclosure Statement") and its Third Amended Plan of Reorganization (the "Plan").

5. On or about March 26, 2008, Freightliner filed a proof of claim ("Proof of Claim") in the Delaware Bankruptcy.

6. On May 23, 2008, the Delaware Bankruptcy Court issued an order confirming the Plan (the "Confirmation Order").

7. The Confirmation Order is a final order, no longer subject to approval. There are no appeals pending as to the Confirmation Order and such Order has not been stayed or revoked. The Delaware Bankruptcy is essentially completed, and the New York Action will not affect the recoveries for unsecured creditors.

---

[2] The Transition Services Agreement was entered into in connection with ALF's purchase of the business from Freightliner.

625243.1                                  2

## The New York Action is Non-Core

8. Pursuant to Rule 9027(e), Freightliner "shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core."

9. Freightliner disputes the allegations in the Notice of Removal that the New York Action is core. Such allegations include, but are not limited to, those in paragraphs 5, 16, and 17.

10. The New York Action is non-core.[3] Despite ALF's assertions to the contrary, because the Plan has been confirmed and the Confirmation Order is final, there is no longer a bankruptcy "estate" and property of such estate has reverted to the Debtor.

---

[3] Pursuant to 28 U.S.C. Section 157(b)(2), Core proceedings include, but are not limited to--

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

625243.1                                              3

Consequently, the New York Action is not a matter concerning the administration of the estate; it does not include allowance or disallowance of claims against the estate, or even counterclaims by the estate.

11. The New York Action predates the Delaware Bankruptcy; it does not arise out of or in the Delaware Bankruptcy. Nor is the New York Action related to the Delaware Bankruptcy because the Delaware Bankruptcy is effectively over and because the New York Action will not affect the recoveries for unsecured creditors.

12. Federal jurisdiction, moreover, is not proper for the New York Action. But for the Delaware Bankruptcy, which is now essentially over, federal jurisdiction does not exist. These cases could not have been brought in federal court in the absence of ALF's nearly-concluded bankruptcy because there is no diversity of jurisdiction between the parties. Both Freightliner and ALF are organized in Delaware, thereby precluding diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

**Freightliner Does Not Consent to Entry of**
**Final Orders or Judgment By the Bankruptcy Judge**

13. Pursuant to Rule 9027(e), if Freightliner "alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge."

14. Freightliner does not consent to entry of final orders or judgment by the bankruptcy judge in the New York Action.

WHEREFORE, Freightliner disputes any allegation in the Notice of Removal that the New York Action is core and states that it does not consent to entry of final orders or judgment by the bankruptcy judge in the New York Action.

Dated: New York, New York
       June 30, 2008

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP

*[signature]*

William P. Weintraub (WW2987)
Lance J. Gotko (LG5443)
L. Reid Skibell (LS 8877)
Jordan I. Brackett (JB9306)
1633 Broadway
New York, NY 10019-6708
(212) 833-1100 – Phone
(212) 833-1250 – Facsimile

*Attorneys for Plaintiff Freightliner LLC*